IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

**JAMES ALAN FRYETT,** *on behalf of himself and all others similarly situated*,

    **Plaintiff,**

v.

**EXPERIAN INFORMATION SOLUTIONS, INC.**

    **Defendant.**

CASE NO. _____

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## **COMPLAINT**

### PRELIMINARY STATEMENT

Plaintiff James Alan Fryett, on behalf of himself and all others similarly situated, files this Class Action Complaint against Experian Information Solutions, Inc. ("Experian" or "Defendant"). Plaintiff alleges, based on personal knowledge as to Defendant's actions and upon information and belief as to all other matters, as follows:

### NATURE OF THE CASE

1. This is a consumer class action under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681a–x ("FCRA"), against Experian, a national consumer reporting agency. In violation of the FCRA, Experian prepares and furnishes consumer reports that include civil judgment and lien public records that: (a) the FCRA prohibits Experian from reporting; and (b) that have been paid in full, satisfied or cancelled, but are not reported by Defendant as paid, satisfied or cancelled.

2. Experian uses a third-party vendor to gather and report public-record information, such as civil judgments, in credit reports. Experian is aware that its vendor fails to timely gather and that Experian's own systems routinely fail to update such information when judgments are

withdrawn or satisfied. This failure to timely update records to reflect their updated status is a violation of 15 U.S.C. § 168le(b) because Experian has not implemented reasonable procedures to ensure the maximum possible accuracy in the preparation of the consumer reports that it furnished regarding Plaintiff and putative class members.

## PARTIES

3. Plaintiff James Alan Fryett is an adult individual residing in Zebulon, North Carolina and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

4. Defendant Experian is a "person" and "consumer reporting agency" as defined by 15 U.S.C. § 1681a(b) and 15 U.S.C. § 1681a(f), respectively. Defendant is authorized to do business in the State of North Carolina, has substantial contacts in this District, and is headquartered at 475 Anton Boulevard, Costa Mesa, CA 92626.

## JURISDICTION & VENUE

5. The Court has jurisdiction over this matter based upon 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part of Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

7. Defendant is one of the "big three" credit reporting agencies ("CRA") in the United States.

8. Defendant sells consumer reports (commonly called "credit reports") about millions of consumers annually, including consumers in North Carolina.

9. Unlike credit accounts which are reported directly to Experian by creditors, Experian affirmatively seeks out and purchases public-records data from third parties who have

no relationship the consumer. These records include North Carolina civil judgments. Experian proactively gathers and disseminates this derogatory information even though there is nothing in the FCRA that affirmatively requires it to do so.

10. Experian obtains all its public records from a single third-party entity, LexisNexis.

11. During all times relevant to this action, Experian has never done any independent audit of the substantive accuracy of the North Carolina public records that LexisNexis sells it. While Defendant claims to have done statistical or data integrity reviews, it has never systematically compared the LexisNexis records it receives to the actual public records.

12. Experian has long been aware of the problems alleged herein and the failure of its current procedures to ensure complete and accurate public records.

13. Experian has not retrieved actual public records from courthouses or actual government offices for many years.

14. Experian does not follow reasonable procedures to gather updated information from the courts when judgment statuses or dispositions change. Instead, Experian published data that it knew would be inaccurate if a change in the disposition occurred—relying on consumers to clean up their own files via the dispute process after learning of the inaccuracy, rather than paying to have these subsequent filings adequately and reasonably collected with the same vigor that it collected records of the initial entry of tax lien.

15. The methods and processes used by Experian and its vendor to gather North Carolina public records and to use those records to update its files were materially the same throughout the class period.

16. Moreover, Experian not only publishes inaccurate lien and judgment information, but frequently reports the same entry multiple times on the same report with inconsistent dispositions.

17. At all times pertinent to this Complaint, Experian's conduct regarding the collection of public-record information was willful and carried out in reckless disregard for a consumer's rights as set forth under the FCRA. By example only and without limitation, Experian's conduct is willful because it was intentionally accomplished through intended procedures and as Experian's diligence in collecting and reporting derogatory information is believed by it to be of greater economic value to its paying customers than "disposition" information that demonstrated that the debt was no longer owed by those customers.

18. Experian has also been on notice of these issues throughout the pendency of the multiple actions brought against it and its industry allies, Equifax and Trans Union, over the last six years.

19. As a result of Experian's conduct, Plaintiff and the putative class members suffered particularized and concrete injuries, including damages to their reputations, reductions to their credit scores, and increased risks that they would be denied credit.

20. Experian knows that both it and its public records vendors make mistakes in the distilled public records information that is acquired for purposes of credit reporting.

21. Experian thus routinely fails to report accurate information about North Carolina civil judgments, including the most up-to-date status.

22. Defendant's practices and procedures regarding the reporting of civil judgment information, specifically its failure to report the most up-to-date status of paid or cancelled civil judgments, causes widespread harm to North Carolina taxpayers.

23. Defendant also routinely fails to remove North Carolina civil judgments from consumers' reports when those judgments have become nullities.

## FACTS AS TO PLAINTIFF

24. With respect to Mr. Fryett, on or around July 11, 2014, judgment was entered against Mr. Fryett by Portfolio Recovery Associates, LLC in Wake County case number 14 CvD 6452.

25. In or around May 2016, Mr. Fryett paid off the balance of Wake County civil judgment to Sessoms & Rodgers, P.A., on behalf of Portfolio.

26. On or about June 20, 2016, Sessoms & Rodgers on behalf of Portfolio sent correspondence to the Wake County Courthouse requesting that an Authorization to Cancel Judgment be entered on the docket.

27. On or about July 6, 2016, Authorization to Cancel Judgment was filed in Wake County case number 14 Cvd 6452.

28. In or around the end of 2016, Mr. Fryett was notified that his credit score had plummeted more than one hundred points, from the high 700's down to the high 600's.

29. On or about February 2017, Mr. Fryett requested and received a copy of his personal credit report from Experian. The Experian credit report contained inaccurate information, including but not limited to, reporting that Mr. Fryett allegedly had an outstanding civil judgment lodged against him in the amount of $2,273.

30. The civil judgment information Experian included on Mr. Fryett's report was woefully deficient. This civil judgment had been paid and cancelled more than six months earlier. An authorization to cancel judgment was filed in the public record for the County of Wake on July 6, 2016.

31. Despite this authorization to cancel judgment being recorded in the public record, and pursuant to its usual and systematic practice, Defendant did not update its records to show that the civil judgment had been paid and cancelled.

32. The FCRA provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

33. At all times pertinent hereto, Defendant's conduct was a result of its deliberate policies and practices, was willful, was intentionally accomplished through intended procedures, and was carried out in reckless disregard for a consumer's rights as set forth in § 1681e(b) of the FCRA. Discovery will show that Experian's collecting and reporting the initial entry of civil judgments is believed to be of greater economic value than collecting and reporting information indicating that a civil judgment has been paid, satisfied or cancelled.

34. The reporting of Mr. Fryett's civil judgment by Experian was inaccurate and occurred because Experian failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of Mr. Fryett's consumer report. Specifically, Experian does not follow the same automated and systematically rigorous processes to obtain all satisfactions and releases or cancellations of civil judgments that it follows to obtain the original civil judgment information.

35. Indeed, Experian follows no procedure which assures that, every time a civil judgment in North Carolina is paid, satisfied or cancelled, the updated status is promptly obtained and reflected upon the consumer's credit report, or that the judgment is removed from that consumer's credit file.

36. Instead, Experian continues to report the civil judgment balance that it originally received through its vendors. In Plaintiff's case, Experian did not request, receive or report any

updated information as to the status of the civil judgment in 2017, despite the fact that the civil judgment was paid and cancelled in 2016.

37. At all times pertinent hereto, Defendant was acting by and through its agents, servants and or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

## CLASS ACTION ALLEGATIONS

38. Plaintiff realleges and incorporates by reference all preceding paragraphs as alleged above.

39. Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following class:

> All natural persons who: (i) had a civil judgment recorded in the State of North Carolina, (ii) the civil judgment appeared on an Experian consumer report dated within five years before the filing of this Complaint, and (iii) the State of North Carolina public record indicated that the civil judgment had been paid, satisfied or cancelled on a date before the date of the Experian consumer report.

40. Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

41. **Numerosity. FED. R. CIV. P. 23(A)(1).** The Class members are so numerous that joinder of all is impractical. Upon information and belief Defendant sells hundreds if not thousands of consumer reports each year, and those persons' names and addresses are identifiable through documents maintained by Defendant.

42. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(A)(2).** Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members. The common legal and factual questions include, among others, whether Defendant willfully violated the FCRA by failing to

7

follow reasonable procedures to assure the maximum possible accuracy of the North Carolina civil judgment information it reported.

43. **Typicality. FED. R. CIV. P. 23(A)(3).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for statutory and punitive damages as Class members, arising out of Defendant's common course of conduct.

44. **Adequacy. FED. R. CIV. P. 23(A)(4).** Plaintiff is an adequate representative of the Class. His interests are aligned with and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of members of the Class.

45. **Predominance and Superiority. FED. R. CIV. P. 23(B)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expenses to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## CAUSES OF ACTION

### COUNT I – Violations of 15 U.S.C. § 1681e(b)

46. Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

47. The above-mentioned reports are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

48. Experian failed to comply with 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the civil judgment information in the consumer reports it prepared regarding Plaintiff and the Class members.

49. Pursuant to 15 U.S.C. §§ 1681n and o, Experian is liable to Plaintiff and all Class members for its failure to comply with FCRA § 1681e(b), in an amount equal to the sum of (1) damages of not less than $100 and not more than $1,000 per violation; (2) actual damages; (3) punitive damages in an amount to be determined by the jury; (4) attorney's fees; and (5) litigation costs, as well as such further relief as may be permitted by law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class pray for relief as follows:

a. An order certifying the case as a class action on behalf of the proposed Class under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

b. An award of actual, statutory and punitive damages for Plaintiff and the Class;

c. An award of pre-judgment and post-judgment interest as provided by law;

d. An award of attorneys' fees and costs; and

e. Such other relief as the Court deems just and proper.

**TRIAL BY JURY**

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

RESPECTFULLY SUBMITTED,

JAMES ALAN FRYETT, on behalf of himself and all others similarly situated,

By:   */s/Leonard A. Bennett*
      Leonard A. Bennett, NC Bar # 21576
      **CONSUMER LITIGATION ASSOCIATES, P.C.**
      763 J. Clyde Morris Boulevard, Suite 1-A
      Newport News, Virginia 23601
      Telephone: 757-930-3660
      Facsimile: 757-930-3660
      Email: lenbennett@clalegal.com

      James A. Francis*
      John Soumilas*
      **FRANCIS & MAILMAN, P.C.**
      Land Title Building, 19th Floor
      100 South Broad Street
      Philadelphia, Pennsylvania 19110
      Telephone: 215.735.8600
      Facsimile: 215.940.8000
      Email: jfrancis@consumerlawfirm.com
      Email: jsoumilas@consumerlawfirm.com
      **Pro hac vice* applications forthcoming*

      *Attorneys for Plaintiffs*